UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **DESIREE K. REEDUS, MD,** )<br>)<br>    **Plaintiff,** )<br>)<br>    v. )<br>)<br>)<br>**DENIS MCDONOUGH,** *in his Official Capacity* )<br>*as Secretary of the United States Department of* )<br>*Veterans Affairs, et al.,* )<br>)<br>    **Defendants.** ) | CAUSE NO. 1:21-cv-00357-HAB-SLC<br>                    1:21-cv-00476-HAB-SLC |

**OPINION AND ORDER**

Before the Court is a motion filed by Defendants seeking to consolidate this matter ("Case 1") filed on September 27, 2021, with *Reedus v. Denis McDonough*, 1:21-cv-00476-HAB-SLC ("Case 2"), filed on December 23, 2021. (ECF 24). Plaintiff filed a response in opposition to the motion on January 31, 2022 (ECF 25), to which Defendants replied on February 7, 2022 (ECF 26). For the following reasons, Defendants' motion (ECF 24) will be GRANTED.

*A. Background*

Plaintiff filed her complaint in Case 1 on September 17, 2021, asserting employment discrimination and defamation claims stemming from her work as a licensed physician for the Department of Veteran Affairs (the "VA") in Marion, Indiana. (ECF 1). More specifically, Plaintiff alleges that she was harassed by her immediate supervisor, Dr. Alice Buckley, and that after complaining about the alleged harassment, she was retaliated against (Count I) and ultimately wrongfully terminated (Count II) in violation of Title VII of the Civil Rights Act of 1964. (*Id.* ¶¶ 40-57). Plaintiff also alleges in Count III that another VA employee, Chief of Staff

Dr. Wayne McBride, defamed Plaintiff under Indiana state law by falsely claiming to another hospital that Plaintiff had been terminated for medical misconduct and malfeasance. (*Id.* ¶¶ 58-69). Dr. McBride was initially named as a Defendant in this matter (*see* ECF 1), but the United States was automatically substituted for him pursuant to the Federal Torts Claims Act (ECF 14, 21).

Plaintiff further alleges that she has satisfied all conditions precedent to bringing her suit, including exhausting all administrative remedies, asserting that the complaint was "filed within 90 days after Plaintiff received her Final Agency Decision [from the VA's Office of Resolution Management] in case 200J-0610-2019104008." (ECF 1 ¶¶ 9-10). On November 10, 2021, though, Defendants filed a motion to dismiss or, in the alternative, a motion for summary judgment, asserting that Plaintiff failed to exhaust her administrative remedies as to all claims and that the United States has not waived its sovereign immunity as to the state law defamation claim. (ECF 17). Plaintiff filed a response on December 1, 2021, opposing the motion to dismiss, requesting leave to amend her complaint, and challenging the Court's substitution of the United States for Dr. McBride. (ECF 22). The United States timely filed a reply brief. (ECF 23). That motion remains pending before District Court Judge Holly Brady.

On December 23, 2021, Plaintiff filed her complaint in Case 2, again alleging that Dr. Buckley harassed her, and that VA employees, including Dr. McBride, allowed the harassment to continue. (ECF 1 in 1:21-cv-476; *see also* ECF 14 in 1:21-cv-476).[1] Plaintiff, however, includes additional factual allegations concerning Dr. McBride's treatment of Plaintiff—specifically his denial of Plaintiff's request to go on leave without pay, his decision to charge Plaintiff with being absent without leave, and his decision to convene two Professional Standards

---

[1] Plaintiff has amended her complaint in Case 2 twice. (*See* ECF 3, 10, 11, and 14 in 1:21-cv-476).

Boards against Plaintiff in order to revoke her medical privileges. (ECF 14 ¶¶ 89-98 in 1:21-cv-476). In Count I of Case 2, Plaintiff alleges the VA violated Title VII by creating a hostile work environment (by permitting Dr. Buckley's alleged harassment of Plaintiff), by discriminating against Plaintiff on account of her race and sex by replacing her with a white doctor while she was on leave, and by treating her more harshly than similarly situated non-African American physicians and male physicians. (*Id.* ¶¶ 99-105). In Count II, Plaintiff alleges she was retaliated against and terminated for engaging in protected activity—specifically, complaining of Dr. Buckley's harassment. (*Id.* ¶¶ 106-53). Once again, Plaintiff alleges that she exhausted her administrative remedies, noting she "had timely filed her initial [Equal Employment Opportunity] Complaints, 200J-0610-2016103719 and 200J-0610-2017103011, respectively, with the VA Office of Resolution Management which were consolidated by the US [Equal Employment Opportunity Commission] into one . . . case." (*Id.* ¶ 6). Like the instant case, Case 2 is assigned to Judge Brady as the presiding judge, and the Undersigned as the magistrate judge.

Defendants allege that the two cases should be consolidated because they share common questions of law and fact. (ECF 24 ¶¶ 13-14). In support of their motion, Defendants point out that Plaintiff's complaints in the two cases contain multiple overlapping or verbatim factual allegations. (ECF 24-1). Plaintiff, in response, contends that the motion to consolidate is premature until the Court rules on Defendants' motion to dismiss and addresses Plaintiff's request to amend her complaint and request to reconsider the substitution of the United States for Dr. McBride. (ECF 25 at 2; *see* ECF 22). Plaintiff further alleges that the cases are factually distinct, asserting that Case 2 is limited to "facts and circumstances of her employment and termination" in 2016 while Case 1 also concerns Dr. McBride's alleged defamation in 2019.

3

(ECF 25 at 3).  Plaintiff also argues that she would be prejudiced by consolidation because it would require her to "split" her discovery tools.  (*Id.*).

Finally, Plaintiff suggests—in a single sentence—that she would be prejudiced because her allegedly "two distinct cases would be combined under one statutory cap on damages." (*Id.*); *see* 42 U.S.C. § 1981a(b)(3).  Defendants, in response, contend that Plaintiff's two case are an impermissible attempt at "double recovery."  (ECF 26 at 2).  Neither party, however, cites any caselaw in support of their respective positions on damages.

### B.  Legal Standard

Pursuant to Federal Rule of Civil Procedure 42(a)(2), "[i]f actions before the [C]ourt involve a common question of law or fact, the [C]ourt may . . . consolidate the actions . . . ." Though Rule 42 does not define a common question of law or fact, "the plain meaning of this phrase indicates that a common question is one that must be answered identically in each case in which it is presented." *Van Patten v. Wright*, Nos. 07-C-0088, 07-C-0026, 2009 WL 1886010, at *1 (E.D. Wis. June 30, 2009).  "When common questions of law or fact are present, cases should be consolidated if consolidation will streamline the litigation without causing the parties undue prejudice." *Id.* at *2.  That being said, "merger is never so complete in consolidation as to deprive any party of any substantial rights which [she] may have possessed had the actions proceeded separately." *Hall v. Hall*, 138 S. Ct. 1118, 1130 (2018) (quoting 3 J. Moore & J. Friedman, Moore's Federal Practice § 42.01 (1938)).  "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Id.* at 1131.

### C.  Analysis

Here, there are common questions of fact in both cases justifying consolidation.  As the Government points out, the factual allegations underlying both cases are largely the same—

4

focusing on Dr. Buckley's alleged harassment of Plaintiff and the VA's response or lack thereof. (*See* ECF 25).  While it is true that Case 1 also contains allegations relating to Plaintiff's state law defamation claim and Case 2 includes allegations of the VA's refusal to grant Plaintiff leave without pay, "Federal Rule Civil Procedure 42 [does] not require 'that actions be identical before they may be consolidated.'" *Wolfe v. Hobson*, No. 2:16-cv-00471-JMS-MJD, No. 2:18-cv-00317-MJS-MJD, 2018 WL 6181404, at *3 (S.D. Ind. Nov. 26, 2018) (quoting *In re Cendant Corp. Litig.*, 182 F.R.D. 476 (D. N.J. 1998)).

Further, Plaintiff has not shown that she would be prejudiced by consolidation.  Despite Plaintiff's assertion that the motion to consolidate is premature given the pending motion to dismiss in Case 1, the Court must still independently address Case 2 regardless of Judge Brady's ruling on the motion to dismiss.  *See Hall*, 138 S. Ct. at 1128 (emphasizing "that constituent cases should end in separate decrees or judgments").  Still more, if Case 1 survives the motion to dismiss, consolidating the two cases—at least for the purposes of discovery—clearly furthers judicial economy.  While Plaintiff contends that she will have to "split" her discovery, both cases concern many of the same actors, acting over the same time period.  Discovery in the two matters, then, would likely be duplicative or overlapping. *See Wyngaard v. Woodman's Food Mkt., Inc.*, No. 19-CV-493-PP, 2021 WL 5999151, at *6 (E.D. Wis. Dec. 20, 2021) ("The court perceives little reason to require the discovery in the two cases to proceed on separate tracks . . . . This seems the antithesis of 'judicial economy,' as well as the antithesis of economy for the litigants.").  To the extent that Plaintiff is concerned about her discovery tools which are limited by the federal rules—specifically depositions and interrogatories—she remains free to request the Court's leave to obtain additional discovery.  *See* Fed. R. Civ. P 26(b)(2); Fed. R. Civ. P. 30(a)(2)(A)(i); Fed. R. Civ. P. 33(a)(1).  Further, as both cases are proceeding before District

Court Judge Holly Brady and the Undersigned Magistrate Judge, consolidation negates the need for potentially redundant motion practice and rulings. *See Miller Brewing Co. v. Meal Co.*, 177 F.R.D. 642, 645 (E.D. Wis. 1998) ("[W]hen both cases are pending in the same district—let alone with the same judge—consolidation is preferable.").

Finally, at least at this point, Plaintiff's conclusory assertion that her potential damages would be unfairly limited due to Title VII's statutory cap does not establish that she would be prejudiced by consolidation. Without commenting on the ultimate merits of Plaintiff's argument—or the Government's response—the Court notes again that consolidation does not "deprive any party of any substantial rights which he may have possessed had the actions proceeded separately." *Hall*, 138 S. Ct. at 1130; *see also Midwest Cmty. Council, Inc. v. Chi. Park Dist.*, 98 F.R.D. 491, 499 (N.D. Ill. 1983) ("[C]onsolidation does not merge the two suits into a single cause or change the rights of the parties, or make those who are parties in one suit parties in another."). If Plaintiff believes that her substantive rights would be limited due to consolidation, she remains free to move to separate the matters at a later date. *See Magnavox Co. v. APF Elecs., Inc.*, 496 F. Supp. 29, 32 (N.D. Ill. 1980) ("Defendants' arguments concerning the right to a jury trial and the possibility of prejudice . . . are precipitous. Should a need arise to sever certain parties or issues at a later stage of the litigation, Fed. R. Civ. P. 42(b) provides an appropriate remedy."). However, on the current record, and considering that the cases are in the discovery phase of litigation, the two actions are appropriate for consolidation.

### D.  Conclusion

In summary, the Court finds that there are common questions of fact justifying consolidation pursuant to Federal Rule of Civil Procedure 42. Accordingly, Defendants' motion (ECF 24) is GRANTED. The Court ORDERS that Case No. 1:21-cv-00476 be consolidated into

this earlier-filed case, No. 1:21-cv-00357. While the Clerk is directed to also file a copy of this Opinion and Order in Case No. 1:21-cv-00476, all filings by the parties going forward are to be made in Case No. 1:21-cv-00357.

SO ORDERED.

Entered this 3rd day of March 2022.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge